UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 3-18-CR-00443 CRB (JCS) |
| Plaintiff, | ) |
| v. | ) [~~PROPOSED~~] DETENTION ORDER AFTER OCTOBER 30, 2018 HEARING |
| DAN BOAR, a/k/a, Attila Vinda, and | ) |
| LEVENTE MATHE, | ) |
| Defendants. | ) |

On September 6, 2018, Defendants Dan Boar and Levente Mathe were charged in a criminal complaint alleging access device fraud relating to unauthorized ATM transactions on approximately 245 accounts in an aggregate loss amount of approximately $230,000. An amended criminal complaint restating these allegations was filed September 7, 2018. On September 18, 2018, Defendants Boar and Mathe were indicted on charges of access device fraud in violation of 18 U.S.C. §§ 1029(a)(1), 1029(a)(2), and 1029(a)(4), and conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2).

On October 26, 2018, the Defendants made their initial appearance in this case, following their transfer from the District of Wyoming after their arrest on August 14, 2018. The government moved for detention, and the Court scheduled the hearing for October 30, 2018. Defendant Dan Boar appeared at the detention hearing with his counsel John D. Forsyth. Defendant Levente Mathe appeared at the detention hearing with his counsel James Bustamante. Following the proffers of the parties, the Court makes the following order.

For the reasons stated on the record at the hearing, which are summarized below, the Court grants the government's motion to detain Defendants Boar and Mathe.

With respect to Defendant Boar, the Court finds that the government has met its burden by a preponderance of the evidence to establish that no combination of conditions will reasonably assure the presence of the defendant. The Court based its finding on the information provided at the hearing, including the following: (1) Defendant Boar is a foreign national who is rarely in the United States, (2) with an expired visa, (3) with no known ties to the Northern District of California, no sureties, and no plan of release. The Court also based its finding about Defendant Boar on the following: (1) he was arrested in Wyoming after being stopped in a vehicle traveling 125 miles per hour, (2) upon arrest, he was found with two passports, one of which was stolen, (3) he was found with a large amount of cash in the vehicle, (4) he was found with ATM skimming devices in the vehicle, and (5) he has a pending federal criminal case against him for the same type of alleged conduct involving ATM skimming in the Eastern District of Michigan.

With respect to Defendant Mathe, the Court also finds that the government has met its burden by a preponderance of the evidence to establish that no combination of conditions will reasonably assure the presence of the defendant. The Court based its finding on the information provided at the hearing, including the following: (1) Defendant Mathe is a foreign national who is rarely in the United States, (2) with an expired visa, and (3) with no known ties to the Northern District of California, no sureties, and no plan of release. The Court also based its finding about Defendant Mathe on the following: (1) he was arrested in Wyoming after being stopped along with Defendant Boar in a vehicle traveling 125 miles per hour, (2) he was found with a large amount of cash in the vehicle, and (3) he was found with ATM skimming devices in the vehicle.

For all of the reasons stated on the record at the hearing, the Court finds that no condition or combination of conditions would reasonably assure the appearance of the Defendants as required in these proceedings.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendants Boar and Mathe be, and hereby are, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons

awaiting or serving sentences or being held in custody pending appeal;

2. Defendants Boar and Mathe be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendants are confined shall deliver the Defendants to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: November 5, 2018

_____
HON. JOSEPH C. SPERO
Chief United States Magistrate Judge